IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BECKY L. RIDNER                       NO. 3:11-CV-572

v.                                    CHIEF JUDGE KANE

SALISBURY BEHAVIORAL                  MAGISTRATE JUDGE METHVIN
    HEALTH, INC.

REPORT AND RECOMMENDATION
ON MOTION TO DISMISS
(*Doc. 6*)

Becky L. Ridner filed this action against her former employer, Salisbury

Behavioral Health, Inc., on March 25, 2011, alleging violations of the Family

Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601-2654. (Doc. 1). Plaintiff

contends that after returning to work following FMLA leave, defendant placed her

in a different position, and then fired her 14 months later on grounds that she was

not qualified for the position. Before her termination, she was offered part-time

positions which plaintiff contends were not substantially equivalent to her pre-

FMLA position.

Before the court is defendant's motion to dismiss.[1] The motion has been

referred to the undersigned for a report and recommendation, and is now ripe for

---

[1] Defendant filed the motion to dismiss on April 27, 2011 (Doc. 6) and filed a supporting
brief on April 28, 2011. (Doc. 7). Plaintiff filed a brief in opposition to the motion on
May 10, 2011 (Doc. 8).

2

disposition.[2] For the following reasons, it is recommended that the motion be denied.

## FINDINGS AND RECOMMENDATIONS

### I. Background

For purposes of the motion to dismiss, plaintiff's factual averments will be accepted as true. Plaintiff makes the following allegations in her complaint:

Plaintiff was hired by defendant in March, 2000 as a residential staff person at one of defendant's residential facilities. (Doc. 1, ¶ 4). On October 17, 2008, defendant approved plaintiff's request for up to 12 weeks of unpaid leave commencing October 14, 2008. (Doc. 1, ¶ 7; Doc. 7-1, at 5, Exhibit 1 to D's brief). Plaintiff took approximately eight weeks of leave. When she returned to her job[3] in mid-December, 2008, she was informed that defendant "did not save her job for her," but was assigning her to the position of Targeted Case Manager ("TCM"), which defendant unilaterally determined was a substantially equivalent position. (Doc. 1, ¶ 8). Plaintiff worked diligently and professionally for defendant in the

---

[2]  On July 13, 2011, Judge Kane referred the pending motion to dismiss to undersigned. (Doc. 13).

[3]  According to her affidavit, plaintiff was working as Director of the Twin Rivers Clubhouse in Easton, PA at an annual salary of $36,455 at the time she took FMLA leave. (Doc. 8-2, ¶ 2).

3

TCM position, with an excellent work and performance record. (Id., ¶ 6).

Approximately 14 months later, on February 4, 2010, defendant fired plaintiff

from her TCM position and offered her two part-time positions at substantially

reduced wages. (Id., ¶¶ 10). Defendant told plaintiff that it had erred when it

assigned her to the TCM position because she was not "appropriately

credentialed" for the position. (Id., ¶ 16).[4] The positions offered to plaintiff were

not the substantial equivalent of plaintiff's previous position prior to her FMLA

leave. (Id. at ¶ 10). Plaintiff alleges defendant violated the FMLA by trying to

correct its error by offering her part-time jobs with lower pay and no benefits, and

then firing her. (Id. at ¶¶ 11-12).

The present action followed. Plaintiff seeks, *inter alia.*, liquidated damages,

reinstatement, attorneys fees and damages for pain and suffering.

## II. Issues Presented

Defendant's motion to dismiss alleges the following grounds for dismissal:

1.     Plaintiff's FMLA claim is untimely inasmuch as she failed to
       commence it within two (2) years of being returned to a substantially
       equivalent position.

2.     Plaintiff's retaliation claim should be dismissed because she was
       terminated more than one (1) year after returning from FMLA leave.

---

[4] Plaintiff contends that she may be statutorily eligible for the TCM position. (Doc. 1,
¶ 17).

4

3.    Plaintiff's request for damages for pain and suffering should be struck as such relief in not available under the FMLA.

## III. Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of claims that fail to assert a basis upon which relief can be granted. When considering a motion to dismiss, the court must "accept all [of plaintiff's] factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny,* 515 F.3d 224, 233 (3d Cir. 2008) (citing *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). *See also Matrixx Initiatives, Inc. v. Siracusano*, 131 S. Ct. 1309, 1322–23 (2011).

The complaint must set forth sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The question is not whether the plaintiff will ultimately prevail, but whether the "complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 131 S. Ct. 1289, 1296 (2011)(citing *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514 (2002)).

5

Although Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," a plaintiff must do more than present "bald assertions" and "legal conclusions." *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1429–30 (3d Cir. 1997).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true.

*Twombly*, 550 U.S. at 545 (citations omitted). Plaintiffs must nudge their claims "across the line from conceivable to plausible." *Id.* at 570. *See also Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008).

A plaintiff "armed with nothing more than conclusions" is not entitled to discovery. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). Consequently, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief,'" and the complaint should be dismissed. *Id.* (quoting Fed. R. Civ. P. 8(a)(2)) (alteration in original).

The "plausible grounds" requirement "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a

6

reasonable expectation that discovery will reveal evidence" supporting the plaintiff's claim for relief. *Twombly*, 550 U.S. at 556. Determining plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950 (*citing Twombly*, 550 U.S. at 557–58).

The Third Circuit has outlined a two-part analysis that courts should utilize when deciding a motion to dismiss for failure to state a claim. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim should be separated. In other words, while courts must accept all of the complaint's well-pleaded facts as true, they may disregard any legal conclusions. Second, courts then decide whether the facts alleged in the complaint are sufficient to demonstrate that the plaintiff has a "'plausible claim for relief.'" *Id.* at 210 (quoting *Iqbal*, 129 S. Ct. at 1950). That is, a complaint must do more than allege the entitlement to relief; its facts must show such an entitlement. *Id.* at 211.

## IV. Discussion

### (A) FMLA

The FMLA was enacted to balance the demands of the workplace with the needs of employers and to entitle employees to take reasonable leave for medical reasons. 29 U.S.C. § 2601(b). To accomplish these goals, the act provides that an

7

eligible employee is entitled to 12 work-weeks of leave during any given
12-month period for certain qualifying events, including a "serious health
condition that makes the employee unable to perform the functions of the position
of such employee." 29 U.S.C. § 2612(a)(1)(D). The FMLA further entitles eligible
employees to reinstatement at the end of FMLA leave to the position of
employment held before leave or to an "equivalent position." 29 U.S.C.
§§ 2614(a)(1)(A), (B).[5]

There are two relatively distinct causes of action under the FMLA:
(1) interference provisions declare it unlawful for any employer to interfere with,
restrain, or deny the exercise of or the attempt to exercise, any right provided in
FMLA, and (2) the statute prohibits an employer from discriminating or retaliating
against an employee for exercising rights under the FMLA. 29 U.S.C.A. § 2615(a)
(1, 2). The complaint makes averments for both causes of action.

### (B) Statute of limitations

Defendant argues that, "as the act of placing Plaintiff in the position of
Targeted Case Manager occurred more than two (2) years before Plaintiff filed this

_____

[5] An equivalent position is one which is substantially equal or similar in terms of
employment benefits, pay, and other terms and conditions of employment. 29 U.S.C.
§ 2614(a)(1)(B); 29 C.F.R. § 825.215

action, any claim alleging a violation of the FMLA arising therefrom is barred by the statute of limitations and must be dismissed." (Doc. 6-3, at 9).

Plaintiff alleges she returned from her FMLA leave in mid-December, 2008, and was fired from the TCM position on February 4, 2010. The complaint was filed on March 25, 2011. (Doc. 1). The FMLA provides a general two-year statute of limitations for violations of its provisions. 29 U.S.C. § 2617(c)(1). Thus, an action must be filed within two years of the date of the last event constituting a violation of the FMLA.

However, the FMLA also provides that plaintiffs have three years within which to bring claims for willful violations of its provisions. 29 U.S.C.A. § 2917(c)(2). "To successfully allege a willful violation of the FMLA, the plaintiff must show that the employer knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *Caucci v. Prison Health Services, Inc.*, 153 F. Supp.2d 605, 609 (E.D. Pa. 2001) (citing *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988)).

Plaintiff alleges in her complaint that defendant's actions in terminating her were done "knowingly, intentionally and discriminatorily," and also in retaliation for exercising her rights under the FMLA (Id., ¶¶ 12, 15). Plaintiff has therefore

successfully alleged a willful violation of the FMLA, and the three-year statutory

period applies.[6]

Even if the two-year statutory period applies, plaintiff contends her

complaint was timely filed. The statute of limitations for a claim under the FMLA

begins to run "the date of the last event constituting the alleged violation for which

the action is brought." 29 U.S.C. § 2617(c)(1). Here, plaintiff has framed the issue

as a continuing violation of the FMLA via the following chain of events: 1)

plaintiff returned from her FLMA leave in mid-December 2008 to find that her

previous job had not been saved for her; 2) defendant unilaterally decided that the

TCM position was the "substantial equivalent" of her previous position; 3) on or

about February 4, 2010, defendant fired plaintiff from the TCM position stating

she was not qualified, and offered her two part-time jobs.

Plaintiff alleges that defendant had an obligation under the FMLA to place

her in a substantially equivalent position following her return, and that this

obligation was not satisfied by assigning her to a position for which defendant

later determined she was not qualified. Consequently, she argues, the clock did not

start on her claim until February, 2010, when defendant recognized its "error,"

---

[6] This computation is made without considering the effect of a continuing FMLA violation extending to February 4, 2010, when plaintiff was fired from her TCM job. *See* discussion *infra*.

making the present action, filed on March 25, 2011, timely under the FMLA's

two-year statute of limitations.

Defendant offers no persuasive authority to the contrary. Considering the

foregoing, the undersigned concludes that plaintiff's complaint is timely filed.

Under the FMLA, defendant was obliged to either restore plaintiff to her previous

position after her eight-week FMLA leave period, or place her in a substantially

equivalent job. Placement in a position for which an employee is ineligible cannot

be considered the substantial equivalent to a previously-held post for which that

employee was qualified. Nor can it be concluded that an employer who has failed

in its duty to correctly place an employee consistent with the FMLA is relieved of

such obligation through the passage of time. By asserting that defendant failed to

return her to her previous position or to place her is one substantially equivalent,

plaintiff's present action is timely brought. Consequently, it is recommended that

the motion to dismiss be denied on this issue.

### *(C) Retaliation*

Defendant also moves for dismissal asserting that plaintiff's retaliation

claim is untimely made, having been asserted more than one (1) year after she

returned from FMLA leave. An FMLA retaliation claim is contemplated by

11

section 815.220(c)[7] of the regulations implementing 29 U.S.C. § 2615(a). 29

C.F.R. § 825.220(c) FN5; *see Conoshenti v. Public Service Elec. & Gas Co.*, 364

F.3d 135, 146 (3d Cir.2004). To establish a prima facie case for retaliation under

the FMLA, a plaintiff must show that (1) she took an FMLA leave, (2) she

suffered an adverse employment decision, and (3) the adverse decision was

causally related to her leave. *Conoshenti*, 364 F.3d at 146.

The first element of a prima facie case of retaliation under the FMLA

appears to be undisputed: plaintiff took FMLA leave from October 14, 2008 to

mid-December, 2008, a period of about eight weeks. (Doc. 1, ¶¶ 7, 8).

As to the second element, plaintiff contends she suffered an adverse

employment action when she was reassigned to a position which defendant

asserted was the substantial equivalent, and then fired from the job on grounds that

---

[7] 29 C.F.R. § 825.220(c) provides:

(c) An employer is prohibited from discriminating against employees or prospective
employees who have used FMLA leave. For example, if an employee on leave without
pay would otherwise be entitled to full benefits (other than health benefits), the same
benefits would be required to be provided to an employee on unpaid FMLA leave. By the
same token, employers cannot use the taking of FMLA leave as a negative factor in
employment actions, such as hiring, promotions or disciplinary actions; nor can FMLA
leave be counted under "no fault" attendance policies.

she was unqualified. These allegations are sufficient to state a "plausible" claim for purposes of surviving a motion to dismiss.[8]

With respect to the third factor, Third Circuit cases focus on two main factors in determining whether there is a causal link in an FMLA retaliation claim—timing and evidence of ongoing antagonism. *Abramson v. Wm. Patterson College of N.J.*, 260 F.3d 265, 288 (3d Cir.2001) ("Temporal proximity ... is sufficient to establish the causal link. [A] plaintiff can [also] establish a link between his or her protected behavior and subsequent discharge if the employer engaged in a pattern of antagonism in the intervening period."). "[T]he mere fact that adverse employment action occurs after [a protected activity] will ordinarily be insufficient to satisfy the plaintiff's burden of demonstrating a causal link between the two events." *Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1302 (3d Cir.1997) (*abrogated on other grounds*, *Burlington No. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006)). If "the timing of the alleged retaliatory action is 'unusually suggestive of retaliatory motive' a causal link will be inferred." *Krouse*

---

[8] Defendant contends that plaintiff suffered no adverse employment action because it offered plaintiff three other positions. Plaintiff claims these positions included two part-time jobs and a "tentative" job that would require her to be on unemployment for eleven months. (Doc. 8-2, ¶ 10, plaintiff's affidavit). The resolution of these issues is unnecessary for purposes of resolving the Rule 12(b)(6) motion. Further, plaintiff's contentions must be accepted as true, and all inferences must be drawn in favor of plaintiff as the non-movant.

13

*v. Am. Sterilizer Co.*, 126 F.3d 494, 503 (3d Cir.1997). *See also Pressley v. Johnson*, 268 F. App'x 181, 185 (3d Cir.2008) ("for an inference of retaliation to be plausible, there must not be a significant gap in time between the exercise of protected activity and the purported act of retaliation") (citing *Black v. Lane*, 22 F.3d 1395, 1407 (7th Cir.1994)).

Defendant argues that plaintiff is unable to establish a causal connection between these two events given the time lapse of 14 months between their occurrences. As discussed above, plaintiff has alleged a plausible, unbroken chain of events which establishes a causal connection between her FMLA leave and defendant's adverse actions. Furthermore, while temporal proximity may allow an inference of causal connection to be drawn, the lack of temporal proximity does not necessarily defeat the ability to demonstrate a causal connection. *See Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 280-81 (3d Cir.2000) (if the timing of the events is not "unduly suggestive," the plaintiff can still show a causal link with other circumstantial evidence, such as evidence of ongoing antagonism or inconsistent reasons for terminating the employee).

Plaintiff has alleged a plausible set of facts to meet the third "causation" prong of a prima facie case for retaliation. Defendant's initial action in not returning plaintiff to her former position, coupled its subsequent firing of plaintiff

14

when defendant determined she did not qualify for the job, are allegations sufficient to state a claim for retaliation under the applicable standards for Rule 12(b)(6) motions. The motion to dismiss should, consequently, be denied on this issue.

### (D) Damages

Finally, defendant contends that plaintiff's claim for damages for pain and suffering is not available under the FMLA. Plaintiff concedes that such damages are not recoverable under the statute and, accordingly, agrees to have such requested relief stricken from the complaint.

## V. Recommendation

Based on the foregoing, it is respectfully recommended that the motion to dismiss (Doc. 6) be denied, except as it relates to plaintiff's claim for damages for pain and suffering. As to the latter claim, plaintiff does not oppose an order striking Paragraph 15 of the complaint.

Signed September 28, 2011.

_____
MILDRED E. METHVIN
U. S. MAGISTRATE JUDGE